[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2005
THOMAS K. KAHN
CLERK

**No. 04-12384**

D. C. Docket No. 03-60030-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WANDERSON DA SILVA,
FIRAS HLEIHIL,
a.k.a. Phil Cooper, etc.,
et. al.,

Defendants-Appellants.

**Appeals from the United States District Court
for the Southern District of Florida**

**(December 13, 2005)**

**Before DUBINA and KRAVITCH, Circuit Judges, and STROM\*, District Judge.**

_____

\*Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

PER CURIAM:

A federal grand jury returned a second superseding indictment charging All Points Relocation System, Inc. ("All Points") and several of its officers and employees, including appellants Firas Hleihil ("Hleihil"), Baruch Shalit ("Shalit") and Wanderson Da Silva ("Da Silva"), along with Moshe Bachar ("Bachar") and Edmond Ben-Ami ("Ben-Ami"), with fraud charges related to All Points' operations as a moving company.

The heart of the case is that all appellants were accused of giving deceptively low estimates to customers and then significantly raising the price of the moves after All Points had the customers' goods in its possession. All Points would then refuse to complete delivery of the goods until such time as the customers paid the inflated moving prices.

After a trial by jury the defendants were found guilty as charged. Hleihil received a sentence of 63 months imprisonment, DaSilva received a sentence of 60 months imprisonment, and Shalit received a sentence of 84 months imprisonment. The defendants then perfected this appeal.

The issues presented on appeal are (1) whether evidence was sufficient to support the defendants' convictions; (2) whether the government's use, during cross-examination of Shalit and DaSilva, of customer complaints that were already

in evidence was plain error; (3) whether the district court abused its discretion regarding Hleihil's post-arrest statement; and (4) whether the district court committed plain error at sentencing by using the sentencing guidelines, or erred in its application of the guidelines.

The sufficiency of the evidence is reviewed *de novo*. *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003).

Both the arguments under *Crawford v. Washington*, 124 S. Ct. 1354 (2004), and under *United States v. Booker*, 125 S. Ct. 738 (2005), are reviewed for plain error. *United States v. Foree*, 43 F.3d 1572, 1577-78 (11th Cir. 1995). This court has the discretion to correct an error under the plain error standard where (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Rodriguez*, 398 F.3d 1291 (11th Cir. 2005).

This court reviews evidentiary rulings for abuse of discretion. *United States v. Arguedas*, 86 F.3d 1054, 1059 (11th Cir. 1996).

After reviewing the record, reading the parties' briefs and having the benefit of oral argument, we conclude that there is no merit to any of the arguments made by the appellants. Accordingly, we affirm their convictions and sentences.

**AFFIRMED.**